UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GARCIA,<br><br>    Petitioner,<br><br>    v.<br><br>W.L. MONTGOMERY,<br><br>    Respondent. | Case No. 1:23-cv-00082-SAB-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE FIRST AMENDED PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK § 2254 FORM |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    The Rules Governing Section 2254 Cases ("Habeas Rules") require preliminary review of a habeas petition and allow a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

    Habeas Rule 2(c) states that a petition must "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground." Petitioner must state his claims with sufficient specificity. See McFarland v. Scott, 512 U.S. 849, 856 (1994); Hendricks v. Vasquez, 908 F.2d 490, 491–92 (9th Cir. 1990). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in

determining whether the State should be ordered to 'show cause why the writ should not be granted.'" Mayle v. Felix, 545 U.S. 644, 656 (2005) (quoting 28 U.S.C. § 2243).

In his sole claim for relief, Petitioner asserts that the trial court erred in failing to issue an unanimity instruction. (ECF No. 1 at 5.) Petitioner does not provide any supporting facts, but merely states: "See Court of Appeal Opinion." (Id.) In the memorandum of points and authorities, Petitioner addresses in detail the timeliness of the petition. However, with respect to his claim for relief, Petitioner merely states: "Although the proper area for arguments in the Answer and Traverse petitioner wants to point out for the record that the Court of Appeal Opinion is a misrepresentation of the facts on the record as a whole."[1] (ECF No. 1 at 11.)

As noted above, Habeas Rule 2(c) requires the petition to "state the facts supporting each ground." Here, however, Petitioner merely cites to the Court of Appeal opinion and states in a conclusory manner that the Court of Appeal opinion misrepresents the facts. Petitioner does not state in what way the Court of Appeal opinion is a misrepresentation or otherwise provide any factual allegations to support his instructional error claim that would enable the Court to determine whether Respondent "should be ordered to 'show cause why the writ should not be granted.'" Mayle, 545 U.S. at 656 (quoting 28 U.S.C. § 2243). Therefore, the Court will grant Petitioner an opportunity to file an amended petition. See Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) ("It may be that [the petitioner's] conclusory averments cannot be factually supported, but a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.").

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is GRANTED leave to file a first amended petition within **THIRTY (30) days** of the date of service of this order; and

---

[1] The Court notes that the petition and memorandum in support of the petition should include facts and arguments in support of Petitioner's claim. See Delgadillo v. Woodford, 527 F.3d 919, 930 n.4 (9th Cir.2008) ("Arguments raised for the first time in [a habeas] petitioner's reply brief are deemed waived."); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief.").

2. The Clerk of Court is DIRECTED to send Petitioner blank § 2254 habeas forms

IT IS SO ORDERED.

Dated: **January 25, 2023**

UNITED STATES MAGISTRATE JUDGE