# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GARCIA,<br><br>    Petitioner,<br><br>    v.<br><br>W.L. MONTGOMERY,<br><br>    Respondent. | Case No. 1:23-cv-00082-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On January 19, 2023, Petitioner filed the instant petition for writ of habeas corpus, challenging his 2022 King County Superior Court convictions. In his sole claim for relief, Petitioner asserts that the trial court erred in failing to issue an unanimity instruction. (ECF No. 1 at 5.) On January 25, 2023, the Court found that the petition did not comply with Rule 2(c) of the Rules Governing Section 2254 Cases, which states that a petition must "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground." Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. (ECF No. 5.) The Court granted Petitioner thirty days to file an amended petition.

1

(ECF No. 5 at 2.) To date, Petitioner has not filed an amended petition, and the time for doing so has passed.

## II.

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") require preliminary review of a habeas petition and allow a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4.

Habeas Rule 2(c) states that a petition must "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground." Petitioner must state his claims with sufficient specificity. See McFarland v. Scott, 512 U.S. 849, 856 (1994); Hendricks v. Vasquez, 908 F.2d 490, 491–92 (9th Cir. 1990). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" Mayle v. Felix, 545 U.S. 644, 656 (2005) (quoting 28 U.S.C. § 2243).

In his sole claim for relief, Petitioner asserts that the trial court erred in failing to issue an unanimity instruction. (ECF No. 1 at 5.) Petitioner does not provide any supporting facts, but merely states: "See Court of Appeal Opinion." (Id.) In the memorandum of points and authorities, Petitioner addresses in detail the timeliness of the petition. However, with respect to his claim for relief, Petitioner merely states: "Although the proper area for arguments in the Answer and Traverse petitioner wants to point out for the record that the Court of Appeal Opinion is a misrepresentation of the facts on the record as a whole."[1] (ECF No. 1 at 11.)

As noted above, Habeas Rule 2(c) requires the petition to "state the facts supporting each ground." Here, however, Petitioner merely cites to the Court of Appeal opinion and states in a conclusory manner that the Court of Appeal opinion misrepresents the facts. Petitioner does not

---

[1] The Court notes that the petition and memorandum in support of the petition should include facts and arguments in support of Petitioner's claim. See Delgadillo v. Woodford, 527 F.3d 919, 930 n.4 (9th Cir. 2008) ("Arguments raised for the first time in [a habeas] petitioner's reply brief are deemed waived."); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief.").

state in what way the Court of Appeal opinion is a misrepresentation of the facts or otherwise provide any factual allegations to support his instructional error claim that would enable the Court to determine whether Respondent "should be ordered to 'show cause why the writ should not be granted.'" Mayle, 545 U.S. at 656 (quoting 28 U.S.C. § 2243).

"It may be that [the petitioner's] conclusory averments cannot be factually supported, but a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Here, however, the Court previously granted Petitioner an opportunity to file an amended petition in order to state the facts supporting his claim for relief, and Petitioner failed to file an amended petition. Accordingly, the Court recommends that the petition be dismissed.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that that the petition for writ of habeas corpus be dismissed without prejudice.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

///

///

///

time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 6, 2023**

_____
UNITED STATES MAGISTRATE JUDGE